## Commonwealth *v.* Davis, Appellant.

Argued March 15, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Webster S. Achey,* for appellant.

*Edmund P. Hannum,* Special Deputy Attorney General, with him *Edward G. Biester,* District Attorney, for appellee.

OPINION BY HIRT, J., July 23, 1948:

Lewis O. Davis was the owner and operator of Meadow Inn, a roadside restaurant near Dublin in Bucks County and was the holder of a restaurant liquor license for the premises. He lived in Doylestown, occupying an apartment as his home, in the Lehman Building. On June 8, 1946, enforcement officers of the Liquor Control Board went with Davis to his apartment in Doylestown and there executed a search warrant, for the premises, directed to them by a Justice of the Peace. The search disclosed 6 cases of liquor and in addition, an assortment of 33 bottles of whiskey of various brands on the premises. The bottles of liquor found in the apart-

ment, 105 fifths in all, were seized by the officers and a return to that effect was made on the search warrant. On later investigation it was found that 24 bottles of the whiskey taken from the premises had been lawfully acquired by Davis and they were returned to him. Subsequently, a charge was lodged against him by an enforcement officer under the Liquor Control Act and an indictment was returned in the quarter sessions of Bucks County. He was charged with the unlawful possession of the remaining 81 bottles of liquor taken from his home, on the allegation that he had acquired all of them by purchase from sources other than a Pennsylvania Liquor Store. The sheriff of Bucks County has custody of the liquor in question pending trial of the case. On June 15, 1946, Davis petitioned the lower court for an order directing the return of the liquor and the suppression of it as evidence against him, on the ground that the search warrant was illegally issued and the liquor unlawfully seized. The lower court, after hearing, properly dismissed the petition.

Under Section 602(2) of the Pennsylvania Liquor Control Act of November 29, 1933, Sp. Sess. P. L. 15, as amended, 47 PS 744-602, it is unlawful for any person to possess liquor which has not been purchased from a Pennsylvania Liquor Store or in accordance with the board's regulations. By §305 of the Act, as amended May 21, 1943, P. L. 403, 47 PS 744-305, the Liquor Control Board was authorized "to adopt and enforce" rules and regulations to insure the equitable sale and distribution through State Liquor Stores of available liquor when the demand is greater than the supply. By a regulation of the board, under the above provision of the Act, which became effective on March 28, 1946, this petitioner received a wholesale permit which was restricted to the purchase by him of not more than 24 bottles of liquor every two weeks. Under the regulation he was obliged to make all of his purchases at a designated State Liquor Store in Doylestown. The records of that store disclosed

that the 24 bottles of whiskey which were returned to him had been legally purchased by him there. A thorough investigation however indicated that none of the remaining 81 bottles of liquor, taken from petitioner's home had been bought by him from a State store. Under §602(2) of the Act, supra, the burden was on him to prove that the liquor in his possession had been purchased from a Pennsylvania Liquor Store in accordance with the board's regulations. Such proof is wholly lacking and in disposing of this proceeding we must assume that the liquor was illegally possessed.

In *Commonwealth v. Schwartz,* 82 Pa. Superior Ct. 369, we held that under our Constitution a valid warrant "of search or seizure when issued must describe the person or things to be taken, as nearly as may be, and be based on probable cause, supported by oath or affirmation subscribed to by the affiant . . ." The warrant in the present case described the premises to be searched and the things to be seized with particularity and was based upon the sworn complaint of a police officer who had visited defendant's licensed place on May 7, 1946. The volume of petitioner's business in the taproom raised the question in the minds of the enforcement officer whether he was obtaining supplies of liquor from other than legal sources. In conversation with the officer, according to his testimony, petitioner boasted that he had recently bought seven cases of whiskey "at a premium . . . and it didn't come through the Liquor Store, either". The application for the search warrant based upon this admission and subsequent investigation was on probable cause.

The Snyder Act of March 27, 1923, P. L. 34, contained a provision for search of a private dwelling but only when used as a part of a business establishment or for the unlawul sale of intoxicating liquor. The present Liquor Control Act, in §201(f), 47 PS 744-201, by necessary implication, sanctions the search of a private home upon a warrant issued upon reasonable and probable cause, and wholly without such restriction or limitation

as was contained in the Snyder Act, which it repealed. The holding of *Commonwealth v. Schwartz,* supra, as to the essential requirements of a valid search warrant is the present law applicable to warrants under the Liquor Control Act. *Commonwealth v. Loesel et al.,* 155 Pa. Superior Ct. 461, 38 A. 2d 523. The law was complied with in the instant proceeding.

According to the evidence in this proceeding (and we do not prejudge the issues which will be tried on the criminal charge) all of the liquor which was *lawfully* possessed by Davis when seized, has been returned to him. The procedure on the search warrant and the seizure of the remaining liquor now in the custody of the Commonwealth was regular, but even if the liquor was illegally seized, petitioner is not entitled to its return on that ground. The controlling principles have been stated in *Commonwealth of Pa. v. Scanlon,* 84 Pa. Superior Ct. 569, thus: "If intoxicating liquor, *unlawfully* possessed, is found on a man's premises and comes into the possession of the Commonwealth, the law of this State does not require it to be returned to his criminal possession even though custody of it was obtained by an illegal search: Com. v. Schwartz, supra, p. 379; Com. v. Rubin, 82 Pa. Superior Ct. 315. The federal decisions to the contrary are not binding on the courts of this State (Lloyd v. Dollison, 194 U. S. 445; Nat. Safe Deposit Co. v. Stead, 232 U. S. 58; Weeks v. U. S., 232 U. S. 383, 391, 392, 398) ; and have not been followed: Com. v. Schwartz, supra, p. 379; Com. v. Grasse, 80 Pa. Superior Ct. 480, 485. This is on the principle that if the possession is unlawful the liquor is forfeited to the Commonwealth, and no property rights can exist in favor of an individual to such forfeited or contraband property". Here, unlike in the *Scanlon* case, the Commonwealth does not concede that the liquor in question was lawfully possessed. The Commonwealth here filed an answer to Davis' petition denying that his possession of it was lawful, and the answer

averred that the liquor has been retained by the Commonwealth to be used in evidence in the trial of petitioner on the criminal charge. Pending that trial the liquor will remain in the custody of the Commonwealth and its admissibility in evidence in the criminal prosecution will not depend on the legality of the search and seizure by which it was obtained. *Commonwealth v. Dugan et al.*, 143 Pa. Superior Ct. 383, 18 A. 2d 84.

Order affirmed.