## Commonwealth *v.* One 1957 Chevrolet Sedan (et al., Appellant).

Argued September 14, 1959. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

*William N. J. McGinniss,* Special Assistant Attorney General, with him *George G. Lindsay* and *Horace A. Segelbaum,* Assistant Attorneys General, and *Anne X. Alpern,* Attorney General, for Liquor Control Board, appellant.

No argument was made nor brief submitted for appellee.

Samuel A. Schreckengaust, Jr., Robert H. Maurer, and Jack A. Riggs, and McNees, Wallace & Nurick, for amicus curiae.

OPINION BY RHODES, P. J., November 11, 1959:

This is an appeal by the Pennsylvania Liquor Control Board from an order of the Court of Quarter Sessions of Bucks County refusing the board's petition for forfeiture of One 1957 Chevrolet Sedan illegally used in the transportation of liquor, and directing release of the vehicle to Ace Auto Rental, Inc., the owner and lessor.

There is no question but that the vehicle was unlawfully used in the transportation of liquor at the time of its seizure by enforcement officers of the board in Northampton Township, Bucks County, Pennsylvania. When the vehicle was seized on August 31, 1958, it was in the possession of Amos Patterson who was later convicted of the unlawful manufacture, transportation, and possession of untaxed liquor and of conspiracy in the operation of a still. The vehicle had been rented by Patterson from Ace Auto Rental, Inc., 4218 Brown Street, Philadelphia, on August 28, 1958. An answer to the board's petition for forfeiture was filed by Ace Auto Rental, Inc., asserting it had no knowledge of the illegal use by its lessee, Patterson, and asking the court to release the vehicle. Following a hearing, at which the board and claimant presented testimony, the court entered the order from which the appeal has been taken directing return of the vehicle to Ace Auto Rental, Inc.

The appeal concerns the effect of the amendments to sections 601 and 602 of the Liquor Code of April 12, 1951, P. L. 90, article VI, 47 PS §§6-601, 6-602, by the

Act of April 20, 1956, P. L. (1955) 1508. The board's primary contention is that, where the board requests forfeiture and illegal use is shown, such forfeiture is mandatory as it was under the 1951 Code. It is argued that the courts of quarter sessions are not given discretion by virtue of the 1956 amendments to sections 601 and 602 of the 1951 Code as to forfeiture even where claimant is an innocent owner or lien holder. In the alternative, it is argued on behalf of the board that the Court of Quarter Sessions of Bucks County abused its discretion in the present case.

Section 601 of the Liquor Code of April 12, 1951, P. L. 90, article VI, 47 PS §6-601, provided: "No property rights shall exist in any liquor, alcohol or malt or brewed beverage illegally manufactured or possessed, or in any still, equipment, material, utensil, vehicle, boat, vessel, animals or aircraft used in the illegal manufacture or illegal transportation of liquor, alcohol or malt or brewed beverages, and the same shall be deemed contraband and shall be forfeited to the Commonwealth."

As amended by the Act of April 20, 1956, P. L. (1955) 1508, section 601 of the Liquor Code continues to provide that no property rights shall exist in any vehicle used in the illegal manufacture or transportation of liquor. However, the phrase "shall be forfeited to the Commonwealth" is deleted and the following inserted: ". . . proceedings for its forfeiture to the Commonwealth may, at the discretion of the board, be instituted in the manner hereinafter provided."[1]

---

[1] Section 602(e) of the Liquor Code of 1951, relating to forfeiture proceedings, which provided that, ". . . if it appears that the property was unlawfully possessed or used, the court shall order it destroyed, delivered to a hospital, or turned over to the board, as hereinafter provided," was amended by the Act of April 20, 1956, P. L. (1955) 1508, 47 PS §6-602(e), to provide in part that, ". . . if it appears that said vehicle, boat, vessel, container,

It was well settled under the 1937 amendment to section 611 of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, that forfeiture of the vehicle or property was mandatory except where claimant showed no illegal use. *Com. v. One 1940 Chevrolet Station Wagon*, 159 Pa. Superior Ct. 615, 617, 49 A. 2d 531. However, the 1933 Act contained a provision giving claimants the right to recover a seized vehicle where the court was satisfied that the use of the vehicle in violation of law was without the knowledge or consent of claimant. *Com. v. One 1939 Cadillac Sedan*, 158 Pa. Superior Ct. 392, 397, 45 A. 2d 406. The Act of March 27, 1923, P. L. 34, also contained a provision authorizing the court to return a vehicle illegally used under the liquor law upon proof that the unlawful use was without knowledge or consent of the claimant. *Com. v. One Ford Truck*, 85 Pa. Superior Ct. 188, 193, 194.

In our opinion the amendment of 1956 to sections 601 and 602 of the Liquor Code vests the courts of quarter sessions with discretion as to forfeiture of property, where, for instance, a claimant had no knowledge of the illegal use of the property. Where the language of a later statute differs from a prior Act on the same subject, the change of language is significant in determining legislative intent. *Com. v. One 1939 Cadillac Sedan*, supra, 158 Pa. Superior Ct. 392, 395, 396, 45 A. 2d 406; *Com. v. Moon*, 383 Pa. 18, 27, 117 A. 2d 96. The change in the language used indicates a clear intent on the part of the Legislature

animal or aircraft was unlawfully possessed or used, the court may, in its discretion, adjudge same forfeited and condemned as hereinafter provided."

Similar revision was made to section 603 of the Code, relating to disposition of forfeited property, by the Act of 1956, giving the court discretion as to the forfeiture.

to give such courts some discretion although illegal use of the vehicle is established. This would seem to be apparent in view of the fact that prior to 1937 the courts of quarter sessions were given the discretion as to forfeiture in liquor cases, here asserted and exercised.

We cannot accept the board's contention that, under the 1956 amendment, the only discretion granted on the question of forfeiture is that given the board in section 601. The change of language in sections 601, 602, and 603, which relate to forfeiture of illegally used vehicles and property, is controlling on this question and vests the court with a general discretion. The rule applying to the exercise of discretion by a court of quarter sessions on appeal from a suspension or revocation of a license, which is to the effect the court must make different findings on material issues before it can modify the action of the board (*McGrath v. Pennsylvania Liquor Control Board*, 185 Pa. Superior Ct. 187, 189, 137 A. 2d 812; *Fumea Liquor License Case*, 186 Pa. Superior Ct. 609, 142 A. 2d 326) arises under another section of the Act, 47 PS §4-471, and has no significant application here. In that situation the board is vested with the initial discretion on the merits of the revocation or suspension and the court hears the matter thereafter on appeal. Here the only discretion given the board is to institute the proceedings in which the Act gives the initial discretionary power on the merits of the forfeiture to the court.

In the present case the board did not show that the claimant had reason to suspect its lessee of renting the car for use in an illegal activity. The secretary-treasurer of Ace Auto Rental, Inc., denied any knowledge of Patterson's prior arrests or convictions for liquor law violations. The evidence supports the court's conclusion that claimant was innocent of any illegal

use and had no reason to suspect such at the time of the rental of the vehicle. The evidence we need not review in detail. We find no abuse of discretion upon the part of the court in ordering the return of the vehicle to the owner and lessor.

The order is affirmed.

