Commonwealth, Appellant, *v.* One 1959 Chevrolet Impala Coupe (Thomas).

**146**

Argued April 16, 1963. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Lewis J. Nescott,* Special Assistant Attorney General, with him *George G. Lindsay,* Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

No argument was made nor brief submitted for appellee.

OPINION BY ERVIN, J., June 12, 1963:

This is an appeal by the Pennsylvania Liquor Control Board from an order of the court below denying the board's petition for the forfeiture of a 1959 Chevrolet Impala coupe.

On March 3, 1962 an officer of the Pennsylvania Liquor Control Board and policemen of the City of Pittsburgh apprehended James Thomas in his automobile, a 1959 Chevrolet Impala coupe. In the automobile were three glass containers, two of them being a gallon in size and the other one-half gallon. In all these containers there was a total of one-half gallon of moonshine liquor which James Thomas claimed he bought somewhere on Wylie Avenue in Pittsburgh and was taking to his home for a party. In addition, two and one-half gallons of moonshine were found in the cellar of his home. The automobile and the liquor were impounded. Thomas pleaded guilty to two indictments, upon one of which the court sentenced him to pay a fine of $100.00 and sentence was suspended on the other. At the conclusion of the hearing for the forfeiture of the automobile, the court below imposed a sentence of a $400.00 fine on the indictment upon which sentence had been suspended. Both indictments arose out of the transaction which occurred on March 3, 1962.

The attorney for the board now argues that the court below abused its discretion in refusing the forfeiture of the automobile.

A review of the provisions of the Liquor Code which are applicable to forfeiture of a vehicle is set forth in an opinion prepared by Judge WRIGHT of this Court in *Com. v. One 1958 Oldsmobile Sedan,* 194 Pa. Superior Ct. 352, 355, 356, 168 A. 2d 776, as follows: "It becomes necessary to briefly review the applicable provisions of the Liquor Code. [Act of April 12, 1951, P. L. 90, Sections 601-603, as amended by the Act of April 20, 1956, P. L. (1955-56) 1508, 47 P.S. 6-601-603.] As

here pertinent, Section 601 provides that 'No property rights shall exist in any . . . vehicle . . . used in the . . . illegal transportation of liquor . . . and the same shall be deemed contraband and proceedings for its forfeiture to the Commonwealth may, at the discretion of the board, be instituted in the manner hereinafter provided'. Subsections (a) to (d) of Section 602 set forth the method of instituting forfeiture proceedings and bringing the same to issue. The first paragraph of subsection (e) provides that 'At the time of said hearing, if the Commonwealth shall produce evidence that the property in question was unlawfully possessed or used, the burden shall be upon the claimant to show (1) that he is the owner of said property, (2) that he lawfully acquired the same, and (3) that it was not unlawfully used or possessed'. Of particular significance in the present case is the second paragraph of subsection (e), the wording of which was radically changed by the 1956 amendment. In the Act of 1951 the language continues 'but if it appears that the property was unlawfully possessed or used, the court shall order it destroyed, delivered to a hospital, or turned over to the board, as hereinafter provided'. However, the 1956 amendment to the second paragraph of subsection (e) effects a distinction between equipment and vehicles. In the case of 'still, equipment, material or utensil' unlawfully possessed or used, the amendment provides that the court shall order the same destroyed, delivered to a hospital or turned over to the board, as under the original Act. The important addition by the amendment then follows (italics supplied) : 'or if it appears that said *vehicle*, boat, vessel, container, animal or aircraft was unlawfully possessed or used, the court *may, in its discretion*, adjudge same forfeited and condemned as hereinafter provided'. This distinction was also spelled out in the 1956 amendment to Section 603 of the statute.

"It is therefore, readily apparent, from a reading of the amendments in conjunction with the pertinent sections as originally worded, that the legislature intended to vest in the courts of quarter sessions discretionary power to dispose of vehicles other than by mandatory forfeiture even though the evidence might establish unlawful use. This conclusion is supported by the language in the title of the amendment of April 20, 1956, which reads as follows: 'An Act Amending the Act of April twelve, one thousand nine hundred fifty-one . . . providing for the exercise of discretion in the forfeiture and condemnation of property illegally possessed or used'."

In that opinion, at pages 357, 358, we further said: ". . . However, since the amendment of April 20, 1956, we have plainly held that the courts of quarter sessions are vested with discretion as to forfeiture where the claimant had no knowledge of the illegal use of the vehicle: Commonwealth v. One 1957 Chevrolet Sedan, 191 Pa. Superior Ct. 179, 155 A. 2d 438. . . .

"To summarize, it is our view that, in enacting the amendment of April 20, 1956, the legislature intended to vest in the courts of quarter sessions discretion to deal with each vehicle forfeiture application as the equities of the situation may indicate."

The attorney for the board admits in his brief that the legislature, in enacting the amendment of 1956, intended to vest in the courts of quarter sessions discretion to deal with each vehicle forfeiture application as the equities of the situation might indicate. We believe that the equities in the present case justify the action which was taken by the court below. The record indicates that the owner, James Thomas, had no prior record. It also indicates that he was not transporting the moonshine for the purpose of resale. The court below had a right to believe Thomas' story that he intended to use the half gallon of moonshine which he was

transporting to his home, together with the two and one-half gallons which were found in his home, for his own purposes. The record also indicated that Thomas had been steadily employed for 17 years at the Keystone Box Company, where he was a lathe operator.

It seemed to the court below that to make this man pay the sum of $500.00 in fines, together with the costs of the proceeding and the storage cost for the automobile, was sufficient punishment under all the circumstances. To forfeit a 1959 Chevrolet Impala coupe in addition to the above seemed to the court below to be entirely out of proportion to the crime involved. We cannot say that the court below abused its discretion in so acting. We do not believe that the court's discretion should be limited to a situation in which the owner of a car or a lienholder has no knowledge of the illegal use of the vehicle. We believe that the legislature intended a wider discretion to be vested in the court.

Order affirmed.