## Commonwealth v.
## One 1961 Oldsmobile Station Wagon

*James J. Phelan, Jr.*, for exceptant.

*Joseph Torak*, contra.

QUINLAN, J., December 6, 1963.—In October of 1963, this matter was before the court en banc, consisting of the Hon. E. Arnold Forrest, P. J., Hon. Robert W. Honeyman, J. and the writer of this opinion, upon exceptions of the Commonwealth of Pennsylvania to the order of this court, dated July 30, 1963. The court en banc entered an order dismissing the exceptions of the Commonwealth. An appeal has now been taken from that order and it now becomes necessary to set forth the reasons for our decision.

This matter was originally before the court on forfeiture proceedings brought by the Commonwealth against the automobile in question, a 1961 Oldsmobile station wagon, requesting that the said vehicle be forfeited due to the alleged unlawful transportation of liquor in said vehicle. On July 30, 1963, a hearing was held before the writer of this opinion, after which the Commonwealth's petition for forfeiture was dismissed and the automobile was ordered to be released. The Commonwealth filed exceptions to this order, alleging that the evidence presented at the hearing established

unlawful transportation of liquor in the vehicle of the reputed owner, Samuel Refino, and that the court in dismissing the petition erred.

It is the first contention of the Commonwealth that this court is not vested with discretion in ordering a forfeiture where an unlawful transportation of liquor in a motor vehicle has been established. We find this contention to be entirely without merit. These proceedings are brought under the forfeiture provision of the Liquor Code of April 12, 1951, P. L. 90, art. VI, sec. 601, et seq., as amended, April 20, 1956, P. L. (1955) 1508, sec. 1, 47 PS §6-601, et seq., which under its most recent amendment provides that the court of quarter sessions may exercise its own discretion in dealing with each case. This was made clear most recently by the Superior Court in Commonwealth v. One 1962 Chrysler Hardtop Sedan (Thomas), 201 Pa. Superior Ct. 478 (1963), where the court stated as follows:

"It is not disputed that the Chrysler motor vehicle was unlawfully used, and the court below so found. However, we have plainly held that the applicable provisions of the Liquor Code vest discretion in courts of quarter sessions to dispose of vehicles other than by mandatory forfeiture even though the evidence may establish unlawful use: Commonwealth v. One 1958 Oldsmobile Sedan, 194 Superior Ct., 352, 168 A. 2d 776."

The court further stated in its opinion as follows:

"We can best conclude by repeating our statement in Commonwealth v. One 1958 Oldsmobile Sedan, supra, 194 Pa. Superior Ct., 352, 168 A. 2d 776, that 'the legislature intended to vest in the courts of quarter sessions discretion to deal with each vehicle forfeiture application as the equities of the situation may indicate.' Cf. Commonwealth v. One 1959 Chevrolet Impala Coupe, 201 Pa. Superior Ct. 145, 191 A. 2d 717."

A review of the evidence, moreover, indicates that this court's discretion was exercised. At the hearing, the Commonwealth presented officer Ronald J. Pierce, of the Norristown Police Department, who testified that on September 8, 1962, he observed men loading jugs into Samuel Refino's station wagon, and also that he found two jugs of liquid in a 1960 Pontiac which was owned by one Carl Powers. He further testified that he smelled the contents of the jugs in this latter vehicle and that the contents smelled like alcohol. He did not smell the jugs in the Refino car. The jugs from both vehicles were taken to the police station. The next witness to testify, a detective, John J. McKernan, said that he took a sample from one of the jugs contained in the two vehicles and turned it over to a chemist for examination. While the chemist testified that the contents of this sample jug contained 48 percent alcohol, Detective McKernan frankly admitted that he did not know from which vehicle this sample of liquor was taken. Finally, at the very conclusion of the hearing, the Commonwealth's counsel tried to establish from the testimony of both officers, Pierce and McKernan, that the sample, which was identified as having alcoholic content, did come from a carton which had been taken from the 1961 Oldsmobile.

This evidence did not sufficiently establish to the court's satisfaction that the jugs which were taken from the Refino car contained liquor. Where, as here, the police officer who turned the sample over to the chemist for analysis does not know from which vehicle the sample was taken, we do not believe that the Commonwealth has met its burden. While it is true that, later in the hearing, the Commonwealth tried to tighten its chain of identification as to the liquor, it should be noted that this latter evidence was not of a convincing nature and did not satisfy this writer that the liquid examined was the very same liquid which had been

taken from the auto of the reputed owner. The Commonwealth did not establish by the clear preponderance of the evidence as is required by law (Commonwealth v. Reo Speed Wagon, 87 Pa. Superior Ct. 38 (1925)) that the alcoholic beverage came from the Refino automobile.

However, even if it might be considered that the evidence presented by the Commonwealth did establish unlawful transportation of liquor in the 1961 Oldsmobile, the evidence does not, in our opinion, warrant a forfeiture of this vehicle. As has already been stated, this court may exercise its discretion and refuse to order a forfeiture, even though unlawful transportation has been established, where the claimant has no knowledge of the illegal use of the property: Commonwealth v. One 1962 Chrysler Sedan (Thomas), 201 Pa. Superior Ct. 478 (1963) ; Commonwealth v. One 1957 Chevrolet Sedan, 191 Pa. Superior Ct. 179 (1959). Here, the Commonwealth in its own case introduced into evidence a statement by the reputed owner, Samuel Refino, in which he stated that although he knew that his brother-in-law, one Carl Powers, had been selling moonshine whiskey, he, Refino, and his wife, had told Powers to stop selling the whiskey and to stay away from Refino's store. He also stated that he did not know that Powers was going to place the moonshine whiskey in his car. It should be noted that this is the Commonwealth's own evidence introduced in its own case. As such, it stands uncontradicted. In our opinion, it indicates that Refino had no knowledge of the alleged illegal use of his automobile. There was absolutely no testimony whatsoever presented that Refino at any time had any knowledge of the alleged illegal use. On the contrary, the only testimony presented indicated that he was innocent of, and had no knowledge of, the illegal use. These circumstances, i.e., the vague identification as to the liquid in Refino's car, and the ignorance of Refino as to the al-

leged offense, indicates that this court did properly exercise its discretion by dismissing the forfeiture petition. In doing so, there was no error.

*Order*

And now, December 6, 1963, for the foregoing reasons, the order of this court of July 30, 1963, dismissing the forfeiture petition and ordering the vehicle in question released to its owner, and the order of October 14, 1963, dismissing the Commonwealth's exceptions to the order of July 30, 1963, are confirmed.