Opinion by
Woodside, J.,
These two appeals were taken by the Commonwealth from the dismissal by the lower court of petitions for forfeiture of automobiles filed pursuant to Article VI of the Liquor Code of April 12, 1951, P. L. 90, as amended, 47 P.S. §6-601 et seq.
The automobiles had been used to transport liquor in violation of the Liquor Code. For a time the for-, feiture of an automobile in a case like this was mandatory, but since the amendment of April 20, 1956, P. L. *573 (1955) 1508, to section 602(e) of the Liquor Code, 47 P.S. §6-602(e), the forfeiture is subject to the discretion of the quarter sessions court. Commonwealth v. One 1957 Chevrolet Sedan, 191 Pa. Superior Ct. 179, 182, 183, 155 A. 2d 438 (1959).
In the eases before us, the lower court dismissed the petitions to forfeit after the Commonwealth presented its case and without hearing the reputed owner or intervenor.' The facts could have been more fully developed, but from the Commonwealth’s evidence concerning the nature of the violation, we cannot say that the court abused its discretion in refusing to forfeit the vehicles. Commonwealth v. One 1959 Chevrolet Impala Coupe (Thomas), 201 Pa. Superior Ct. 145, 149, 150, 191 A. 2d 717 (1963). All the evidence presented by the Commonwealth was heard, so it has no standing to complain that the reputed owner and intervenor were not heard. If they had been heard and their evidence had supported their pleadings, the court would have had additional reasons to dismiss the Commonwealth’s petitions.
Orders affirmed.