**Commonwealth v. 1968 Volkswagen**

*James J. Phelan, Jr.*, Special Assistant Attorney General, for Commonwealth.

*Lawrence Aglow*, for defendant.

RILEY, J., February 24, 1969.—Upon the basis of stipulated evidence we find that John Stein and his wife were driving on an afternoon in Delaware and stopped at a liquor store where they purchased 4.96 gallons of liquor and .46 gallon of wine consisting of:

3 - ½ Gal. bottles of Governors Club
1 - ½ Gal. Tangueray Gin
1 - ½ Gal. Gordons Gin
1 - ½ Gal. Jim Beam Bourbon
1 - ½ Gal. Gilberts Vodka
1 - Qt. J. W. Dant Brandy
1 - 4/5 Qt. Smirnoff Vodka
1 - 4/5 Qt. Hildick Brandy
3 - Qts. Don Q Rum
2 - 1 Pts. Martini & Rossi Vermouth
1 - Package of 5 - 1/10 pt. miniatures assorted brands whiskey.

None of the bottles bore the official seals of the Pennsylvania Liquor Control Board. The purchase was placed in the trunk of a 1968 Volkswagen Sedan owned by John Stein. The liquor was purchased for his own use and not for resale or distribution, and the officers agree that there is no evidence or indication of past occurrences or that either Mr. or Mrs. Stein were engaged in the practice of illicit trafficking of liquor.

Under the circumstances before us in this case, we are constrained to exercise our discretion and refuse forfeiture of the vehicle as an unconscionable penalty under the circumstances. The Steins have been arrested and are facing criminal prosecution for the violations of the law, and are subject to the fines and penalties imposed for such violations. There is nothing in the quantity or types of liquor or circumstances of purchase that indicate anything but a casual purchase for individual use and certainly not of such nature as to warrant a forfeiture of their new automobile.

In exercise of the discretion we have, we are of the opinion that the circumstances of this case are not of the gravity or comparable to Commonwealth v. One 1965 Chevrolet, 4 Door Station Wagon, 213 Pa.

Superior Ct. 418, or Commonwealth v. One 1961 Buick Special Sedan, 204 Pa. Superior Ct. 293. As pointed out in Commonwealth v. One 1957 Chevrolet Sedan, 191 Pa. Superior Ct. 179, the legislature removed mandatory forfeiture by the April 20, 1956, amendment to the Liquor Code of April 12, 1951, P. L. 90, 47 PS §6-601, 6-602(e) and 6-603 by inserting "the *court* may in its *discretion*, adjudge same forfeited and condemned as hereinafter provided." (Italics supplied). If discretion lies in the court by legislative mandate, upon what base does the discretion rest? We must, in conscience, take cognizance of the fact that many persons do purchase liquor in other States, some in large quantities suggestive of commercial or distributive intents, and others on a small scale for personal use, and in the character of an isolated incident. There must be a consideration of the depth and character of the offense to the penalty suffered as a result. To forfeit a new Buick or Cadillac for an incidental purchase is in no wise comparable to forfeiting a fourth hand Ford for a transportation of 6 or 10 cases of liquor. Unless such criteria is employed as a consideration, the end result tends to make the relatively more innocent suffer the far greater penalty. The knowledgeable professional would hardly employ a valuable vehicle in his enterprise whereas the casual violator would more likely do so, as here. It seems obvious to us, to cite extremes, a forfeiture of a car, regardless of value, of one who purchases one bottle as he passes through Washington is in no way comparable to the forfeiture of a truck transporting fifty cases from Baltimore to Philadelphia. The quantity of liquor transported, the surrounding circumstances of the purchase, prior records, value of the property to be forfeited, are all factors that must be considered and blended into the exercise of discretion to avoid extremity of hard-

ship. As with all cases where discretionary judgment is to be exercised, opinions will certainly differ as to where a demarcation should be drawn and no yardstick measurements are available. We assume were such so the legislature would have designated the critical measurements. Instead, they vested the discretion to be applied to the courts in each case. See Commonwealth v. One 1956 Oldsmobile Sedan, 202 Pa. Superior Ct. 571. In the 1965 Chevrolet 4 Door Station Wagon case, supra, the owner transported and apparently delivered to others, or was in the process of delivering, 468 bottles of untaxed liquor. In the 1961 Buick Special Sedan case, supra, the owner was paid a fee to transport illegally 25 gallons of moonshine for delivery to a commercial establishment in Pennsylvania. We question not the proprieties of such forfeitures. We do question the propriety of a forfeiture of a new family car for transportation of the liquor here involved, both in quantity and diversity obviously intended for personal use.

We do, therefore, this February 24, 1969, refuse the petition for forfeiture of the 1968 Volkswagen owned by John Stein and do order the same to be returned to him forthwith.