381 A.2d 1315

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**ONE 1976 FORD STATION WAGON.**

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided Jan. 19, 1978.

Robert P. Kane, Attorney General, Harrisburg, for Commonwealth, appellant.

Michael P. Dignazio, Media, for appellee.

Before WATKINS, P. J., and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

SPAETH, Judge:

This is an appeal by the Commonwealth from a decision of the Court of Common Pleas of Delaware County denying a petition filed by the Department of Revenue pursuant to the Pennsylvania Cigarette Tax Act[1] for the forfeiture of one 1976 Ford station wagon.

This court's appellate jurisdiction is set forth in Section 302 of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223 art. III, 17 P.S. § 211.302:

> The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, *except such classes of appeals as are by any section of this act within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.*
> (Emphasis added.)

"[T]he exclusive jurisdiction of . . . the Commonwealth Court" is set forth in Section 402 of the Appellate Court Jurisdiction Act, *supra,* 17 P.S. § 211.402, which provides in part that:

> The Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in any of the following cases . . .
>
> (1) *All civil actions or proceedings to which the Commonwealth* or any officer thereof, acting in his official capacity, *is a party,* except actions or proceedings in the nature of applications for a writ of habeas corpus or

---

1. Act of July 22, 1970, P.L. 513, No. 178, art. I, § 101, 72 P.S. § 3169.101 *et seq.*

post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court . . . .

(Emphasis added.)

Section 3169.1001(f) of the Cigarette Tax Act, which sets forth the procedure in forfeiture proceedings, provides:

The proceedings for the forfeiture of any cigarette vending machine or motor vehicle, in which are found unstamped cigarettes shall be in rem. The Commonwealth shall be the plaintiff and the property shall be the defendant.

It is therefore evident that jurisdiction of this appeal properly lies with the Commonwealth Court.

This conclusion, however, does not end our inquiry; we must still decide whether to exercise our discretionary power to hear and decide the merits of an appeal erroneously taken to this court where, as is the case here, no jurisdictional objection has been raised, Appellate Court Jurisdiction Act, *supra*, 17 P.S. § 211.503(a), or whether to transfer the appeal to the Commonwealth Court as the court to which the legislature has allocated subject matter jurisdiction, Appellate Court Jurisdiction Act, *supra*, 17 P.S. 211.503(b) & (c). *Cf. Commonwealth v. 84–Qt. Btls. Bianco DiVerona Wine et al.*, 250 Pa.Super. 544, 378 A.2d 1282 (1977); *Valley Forge Industries, Inc. v. Armand Construction, Inc. (and United Surety and Financial Guarantee Company)*, 248 Pa.Super. 53, 374 A.2d 1312 (1977).

In *Valley Forge Industries, supra* 248 Pa.Super. at 61, 374 A.2d at 1316, we noted:

[T]he legislature has established a division of labor among the appellate courts of this Commonwealth, in part, to distribute the work so that the judicial resources of no one court become overburdened. If we too freely accept appeals concerning subject matter allocated to another appellate court, we disrupt the legislatively ordained division of labor. Of course, we will be required to examine each potential transfer on a case-by-case basis. There may be cases in which factors weigh more heavily against transfer.

Here, as in *Valley Forge*, the factors do not "weigh more heavily against transfer." It is true that transfer will impose upon the parties some additional expense and delay. However, the subject matter—forfeiture of a motor vehicle under the Cigarette Tax Act—does not involve the application of well-settled principles of law. The authority to forfeit a motor vehicle used to transport unstamped cigarettes did not exist under the prior act.[2] Further, there are no cases interpreting the new act. It is therefore better to defer to the Commonwealth Court. Thereby we may abide by "the legislatively ordained division of labor," economize judicial resources, and avoid the possible development of two conflicting lines of authority.

The appeal is transferred to the Commonwealth Court.

2. Act of July 28, 1957, P.L. 594, § 710, as amended Dec. 16, 1959, P.L. 1857, § 15, 72 P.S. § 3168.710, *repealed by the Act of July 22, 1970, P.L. 513, No. 178, art. XII, § 1203.*