One Homemade Trailer, Pa. Registration No. TG-74484 In Poss: Robert H. Wheeler, Jr., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued November 18, 1982, before Judges ROGERS, MacPHAIL and DOYLE, sitting as a panel of three.

*Scott T. Williams,* with him *Anthony J. Grieco, II,* Law Offices of *Henry P. Perciballi,* for appellant.

*Felix Thau,* Assistant Counsel, with him *J. Leonard Langan,* Chief Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, February 3, 1983:

As a result of an intensive investigation concerning the likelihood of an alleged speakeasy operation, Pennsylvania Liquor Control Board (Board) enforcement officers in late August, 1980, had under surveillance a property in Gamble Township, Lycoming County, which was not licensed for the sale of malt beverages. One of the enforcement officers observed an aluminum tandem trailer towed by a red International stakebody truck loaded with half barrels of beer and operated by an individual later determined to be Robert H. Wheeler, Jr. (Appellant), leave Appellant's beer distributorship and enter the suspect premises. When the enforcement officer entered the premises, he paid an $8.00 "donation" for a card which entitled him to drink all the beer he wanted. The officer observed Appellant transferring beer barrels from the truck to the trailer and making the necessary connections so that beer could be obtained from taps on the trailer. The officer drew two cups of beer, left the premises, notified the State Police and a raid ensued. Both the truck and the trailer were confiscated by the Board.

Subsequently, a petition was filed by the Board with the Court of Common Pleas of Lycoming County, requesting that the trailer be forfeited pursuant to the provisions of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§1-101-744-1003. An answer and an amended answer with new matter were filed by Appellant. The Board filed a reply to the new matter.

After a hearing, the trial court directed that the trailer be forfeited. Exceptions were filed to that order which, after argument, were dismissed by the trial court. A timely appeal has been filed from that order.

Two issues have been presented by Appellant's brief: 1) did the trial court err when it failed to file findings of fact or conclusions of law regarding the forfeiture of the trailer and 2) did the trial court abuse its discretion in ordering the forfeiture of the trailer?

With respect to the first issue, we would observe that while formal findings of fact and conclusions of law by a trial judge are always of great aid to us in exercising our appellate review, there is nothing in the Code nor is there anything in the Pennsylvania Rules of Civil Procedure which would mandate formal findings and conclusions in a case of this nature. In *Pennsylvania Liquor Control Board Appeal*, 46 Pa. Commonwealth Ct. 490, 407 A.2d 83 (1979), a forfeiture case, a similar challenge was addressed to the proceedings in the trial court. There we held that where the record convincingly demonstrates the violation charged, such findings would not be required as a condition precedent to appellate review. As will shortly appear, the record in the instant case likewise convincingly demonstrates the violation charged.

Appellant argues that he is substantially prejudiced because he cannot properly present his argument in the absence of such findings and conclusions. At the end of the hearing, the trial judge said:

The distributor cannot be heard to see no evil and hear no evil. He is allowing his trailer to be used by people who are selling vast quantities of beer, people he knew were not licensed and people he had knowledge were "accepting $8.00 per person ticket donations."

It thus appears that the trial court found that 1) Appellant owned the trailer 2) he knew the people on the premises were not licensed and 3) he permitted the trailer to be used for an illegal purpose, to wit, the sale of beer without a license. These are the only facts pertinent to the case. The trial judge went on to indicate that he was aware that Appellant's loss of trailer may be a hardship but that was the penalty he had to pay for taking a risk of which he was or should have been aware. Such reasoning afforded the basis for the exercise of discretion by the trial judge in ordering the forfeiture. There were no issues of law so that formal conclusions were not required.[1]

Looking at the merits of the case, Section 602(e) of the Code, 47 P.S. §6-602(e) provides that if the Commonwealth produces evidence that the property in question was used illegally, the burden then shifts to the claimant to show that he is the legal owner of the property, that he lawfully acquired it and that the property was not unlawfully used. As we have previously noted, the trailer was used for the illegal sale of beer. Appellant's evidence at the hearing and his argument to this Court is that he was somehow an innocent party to this whole affair. The statute is silent concerning any requirement that the owner of the property is required to know of the illegal use intended for the property. In *Pennsylvania Liquor Control Board v. One 1972 Ford Truck,* 49 Pa. Commonwealth Ct. 600, 411 A.2d 892 (1980), our Court did say that where the property owner did not know that his

---

[1] Appellant's new matter raised the issue of the constitutionality of the forfeiture provisions of the Code. The trial judge did not address that issue on the record and we were not favored by a memorandum opinion in support of his order, Pa. R.A.P. 1925. In this instance, however, Appellant filed 8 exceptions to the trial court's initial order, none of which addressed the constitutional issue. We, consequently, deem the issue not preserved for this appeal.

truck was being used to violate the law that fact would, with other considerations, justify a trial court's exercise of discretion in refusing forfeiture. In the instant case, however, the fact finder found specifically that Appellant knew, or should have known, that such illegal use was occurring. There is ample evidence in the record to support that finding, notwithstanding Appellant's insistence at the hearing and in his argument to us that he had no such knowledge.

Order affirmed.

### ORDER

The order of the Court of Common Pleas of Lycoming County is affirmed.