## Grand Jury Investigation of Western State Penitentiary.

198

Argued March 2, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ. (DITHRICH, J., absent).

*Robert E. Woodside,* Attorney General, with him *Harry F. Stambaugh,* Special Counsel, *Edward Friedman,* Deputy Attorney General, and *David S. Kohn,* Deputy Attorney General, for appellant.

*Albert A. Fiok,* Assistant District Attorney, with him *James F. Malone, Jr.,* District Attorney, and *Louis Bowytz,* Assistant District Attorney, for appellee.

OPINION BY RHODES, P. J., April 15, 1953:

This is an appeal by the Attorney General of the Commonwealth of Pennsylvania from an order[1] of the Court of Quarter Sessions of Allegheny County dismissing the petition of the Attorney General to limit to criminal acts committed in Allegheny County an investigation of the Western State Penitentiary[2] by the grand jury (January, 1953)[3] of Allegheny County requested by petition of the District Attorney of Allegheny County.

---

[1] The Superior Court has jurisdiction of an appeal from an order of the court of quarter sessions of the peace. Act of June 24, 1895, P. L. 212, §7 (a), 17 PS §182.

[2] The Western State Penitentiary is a state institution under the supervision and control of the executive branch of the state government. Act of April 9, 1929, P. L. 177, §§201 and 202, as amended, and §2302, 71 PS §§61, 62, 592.

[3] It was conceded at the argument that the question involved was not moot, although the petition of the District Attorney was returnable to the January, 1953, grand jury. See *Shenker v. Harr,* 332 Pa. 382, 2 A. 2d 298.

The petition of the District Attorney of Allegheny County presented on January 21, 1953, to the Court of Quarter Sessions of Allegheny County set forth that there had been a prison break on November 30, 1952, in the Western State Penitentiary located at Pittburgh; and that a general riot followed among the inmates on January 18, 1953. The District Attorney in his petition requested the court to submit to a grand jury for investigation "The real and actual conditions presently and heretofore existing in said Western Penitentiary . . ." On the same day, January 21, 1953, the Court of Quarter Sessions of Allegheny County granted the prayer of the District Attorney's petition, and entered an order that the "matters . . . complained of in the said petition, be submitted to the January, 1953, Sessions of the Grand Jury for its investigation and consideration."

On January 27, 1953, the Attorney General presented a petition to the Court of Quarter Sessions of Allegheny County requesting the court to "modify its order of January 21, 1953, by limiting the investigation of the grand jury to criminal acts committed in Allegheny County." In his petition the Attorney General asserted that the supervision and the administration of all state institutions, including the Western State Penitentiary, were the responsibility of the Department of Welfare; that the Western State Penitentiary is a state institution and a branch of the Executive Department of the Commonwealth; that the Court of Quarter Sessions of Allegheny County had no lawful authority to direct a grand jury investigation of the executive branch of the state government; and that the Secretary of Welfare and the Attorney General were presently conducting an investigation of the outbreak in the state penitentiary. It was further set forth that the Governor of the Commonwealth had announced the ap-

pointment of a committee to make a general investigation of prison conditions in Pennsylvania, including conditions in the Western State Penitentiary. The Court of Quarter Sessions, upon consideration of the ' petition of the Attorney General, by order of January 28, 1953, reaffirmed the order originally entered on January 21, 1953, and refused "to limit the investigation of the Grand Jury to criminal acts committed in Allegheny County." The order is the subject of the present appeal.

We are all of the opinion that, under the circumstances disclosed by this record, the Court of Quarter Sessions of Allegheny County abused its discretion in entering the order refusing the petition of the Attorney General to limit the grand jury investigation to criminal acts committed in Allegheny County. "Judicial discretion requires action in conformity with law upon the facts and circumstances before the court after hearing and due consideration": *Philadelphia County Grand Jury Investigation Case,* 347 Pa. 316, 326, 32 A. 2d 199, 204.

An extended review and analysis of the decisions of the courts of this Commonwealth are unnecessary. The applicable and controlling principles having been exhaustively stated therein, we shall make only brief references to the established law. A grand jury is an arm of the criminal court, and criminal acts alone must be the foundation of its deliberations. *McNair's Petition,* 324 Pa. 48, 58, 187 A. 498. The sole objective of grand jury investigations is to ascertain whether the criminal law has been violated and to bring the guilty ones to justice. *Margiotti Appeal,* 365 Pa. 330, 340, 75 A. 2d 465. A court of quarter sessions has no power to set such an inquiry in motion unless it has reasonable cause to believe that an investigation will disclose some criminal misconduct which is within its jurisdiction to

punish. *McNair's Petition,* supra, 324 Pa. 48, 62, 187 A. 498. It is not within the province of a grand jury to conduct a general investigation of the executive branch of the state government or to enter upon a vague and general inquiry into "conditions," unless it were disclosed that such conditions had a criminal connotation. In the opinion of the court below it was said: "The District Attorney proposes to investigate the causes [of the prison break and the riot]. This of necessity requires an investigation of all factors which contributed to these events regardless of origin." The presentment of a grand jury relating to conditions rather than violations of the criminal law or to the causes of crime rather than criminal acts would afford no basis for indictments. "Unless specifically authorized by the legislature, the grand jury has no power to hear any matter that does not lead to criminal prosecution: Alt. v. State, 83 Tex. Cr. 337": *McNair's Petition,* supra, 324 Pa. 48, 59, 187 A. 498, 503. The course of grand jury investigations must be clearly defined within the limits of the jurisdiction of the courts of quarter sessions in order to avoid a super-government by judicial inquisition. *Dauphin County Grand Jury Investigation Proceedings (No. 1),* 332 Pa. 289, 306, 307, 2 A. 2d 783, 120 A.L.R. 414. The executive department is a coordinate branch of the government, with power to judge what should or should not be done within its own sphere; and the courts have no more right to interfere than has the executive, under like conditions, to interfere with the courts. *Appeal of Hartranft,* 85 Pa. 433, 435. Courts should be astute to avoid unseeming conflict between the executive and the judicial branches of the government.

In the present proceedings, as in *Dauphin County Grand Jury Investigation Proceedings (No. 1),* supra, 332 Pa. 289, 306, 2 A. 2d 783, the legal sufficiency of

the petition of the District Attorney of Allegheny County to warrant a grand jury investigation of the executive branch of the state government is questioned. Cf. *Com. v. Hubbs (No. 1)*, 137 Pa. Superior Ct. 229, 243, 8 A. 2d 611. The petition must be self-sustaining. The District Attorney does not allege in his petition that crimes were committed by the guards of the Western State Penitentiary or by any of those charged with the management of the institution; the allegation of criminal acts is limited to inmates or prisoners confined therein. Some of the perpetrators of these crimes were known to the District Attorney at the time he filed the petition seeking the grand jury investigation, and prosecutions were brought against the offenders. No grand jury investigation was necessary to determine these facts. At the argument on the petition of the Attorney General in the court below, the District Attorney admitted that he had no knowledge or suspicion of any crimes committed by any one connected with the management, operation, or administration of the penitentiary. We think it clearly appears from the petition of the District Attorney that his principal reason for seeking an investigation by the grand jury is to "ascertain the real and actual conditions presently and heretofore existing in said Western Penitentiary, and [the] reasons for such riotous activities and prison violations, . . ." The District Attorney's interest goes beyond the investigation of crimes committed in the penitentiary.

As an inquisitorial body the grand jury is confined to the investigation of violations of the criminal laws, and then within prescribed limitations. The power of the court to initiate such investigation is likewise limited.[4] There is no power in the Court of Quarter Sessions to order an investigation into the conduct and manage-

ment of the Western State Penitentiary as such, or to direct the grand jury in relation thereto to hear any matter that does not lead to criminal prosecution. The grand jury is not the arbiter of conditions existing in the penitentiary, nor is it a super-administrative board empowered to correct alleged errors of management or prescribe corrective action on the part of the executive branch of the government. The operation of the institution is a matter within the exclusive control of the executive branch. Adequacy of staff or sufficiency of facilities and equipment are not matters for determination by a grand jury. Better management might produce better conditions, but no acts of criminality have been alleged or even suggested in this respect. "A grand jury's investigation cannot be a blanket inquiry to bring to light supposed grievances or wrongs for the purpose of criticizing an officer or a department of government, nor may it be instituted without direct knowledge or knowledge gained from trustworthy information that criminal conspiracy, systematic violations of the law or other criminal acts of a widespread nature prevail, . . .": *McNair's Petition,* supra, 324 Pa. 48, 61, 187 A. 498, 504. There are certain statutory provisions which relate to grand juries, but there is no authority for any grand jury to direct or to attempt to direct by presentment the executive branch of the state government as to the performance of its administrative functions. It is necessary in this proceeding that the grand jury be confined to its prerogative, under the supervision of the court, of ascertaining criminal acts wherever they occurred within the jurisdiction.

The order of the Court of Quarter Sessions of Allegheny County is reversed, and the petition of the Attorney General is granted; the subject of investigation shall be the criminal acts of those involved in escape and riot at the Western State Penitentiary.