## Commonwealth v. McSorley (No. 1)

*Vincent G. Panati,* Special Deputy Attorney General, and *Huette F. Dowling,* District Attorney, for Commonwealth.

*Shelley, Reynolds & Lipsitt,* for defendant.

NEELY, J., March 8, 1957.—In addition to the contention that there was intrusion by the district attorney and the special deputy attorney general to his prejudice, defendant here maintains that the indictment must be quashed because the crime of malfeasance, misfeasance and nonfeasance was not submitted to the grand jury by the charge of the court, and further that the conduct alleged in the presentment does not constitute any crime.

The authority of an investigating grand jury is limited, of course, by the scope of the petition which caused its impaneling: Commonwealth v. Soloff, 175 Pa. Superior Ct. 423 (1954) ; Grand Jury Investigation of Western State Penitentiary, 173 Pa. Superior

Ct. 197, 203 (1953) ; Commonwealth v. Hubbs (No. 1), 137 Pa. Superior Ct. 229, 243 (1939) ; Dauphin County Grand Jury Investigation Proceedings (No. 1), 332 Pa. 289 (1938).

The matters for the grand jury's investigation were mentioned by the court in its charge to the grand jury in the order in which they appeared in the Attorney General's petition. Our charge related to the following specifications contained in the Attorney General's petition requesting the investigation:

1. That a certain Pennsylvania corporation defrauded the Pennsylvania Turnpike Commission of certain moneys by virtue of contracts for flushing of mine voids, and that officers of the corporation did unlawfully conspire, combine, and confederate with the commission, acting through its chairman, to cheat and defraud the commission.

2. That there was widespread bribery of members and employes of the commission to influence them in these matters involving the above corporation.

3. That one of the members of the commission violated his oath by making a profit of $1,000 on the sale of an automobile.

4. That an employe of the commission took a bribe in connection with the purchase of an automobile.

5. That one of the commissioners caused to be sold five automobiles for a sum very much less than their real value.

6. That one of the commissioners used the services of the commission's employe for his private purposes.

7. That the commission purchased supplies and materials and collusively let contracts without competitive bidding.

After relating these specifications of the petition, we charged the grand jury as follows:

"It is set forth in the petition that all these matters indicate that the persons identified with these actions

were responsible for a system of criminal violation of the law, all of which are part of a widespread system of related crimes. You should consider all of these specifications of wrongdoing and any matters relating thereto. Whomsoever and whatsoever may be involved in the matters referred to in the Attorney General's petition should be investigated by you."

The grand jury found that there was reasonable cause to believe that with a corrupt motive, defendant did cause a certain employe of the commission to absent himself from normal duties. If there was reasonable cause to believe that defendant did this from such motive while he was chairman of the commission, then certainly it was a matter that was related to the widespread system of crimes referred to in the petition of the Attorney General and investigated by the grand jury.

"Its [the investigatory Grand Jury's] powers are vastly broader than a committing magistrate's. Its concern being of things rather than individuals, the scope of its investigation is very wide, including all the ramifications of the subject investigated and extending to all who may be brought within the field of culpability. Thus with a definite person to begin with it may spread as a fan and include many others:" McNair's Petition, 324 Pa. 48, 58 (1936). "Malfeasance in office cannot be charged except for breach of a positive statutory duty or for the performance of a discretionary act with an improper or corrupt motive:" Commonwealth v. Mecleary, 147 Pa. Superior Ct. 9, 24 (1941); McNair's Petition, supra, at page 55. See also Commonwealth v. Hershman, 171 Pa. Superior Ct. 134 (1952).

Since the investigatory grand jury found that there was reasonable cause to believe that defendant acted from a corrupt motive in what he did, and he being chairman of the commission, the accusation against

**26**

this defendant was sufficiently related to the other matters presented to bring the presentment as to this defendant within the scope of the investigation. In our judgment, none of the cases cited by defendant support the proposition that defendant could not be presented and indicted because he was not within the scope of the matters submitted to the grand jury by the court for their consideration.

For the foregoing reasons, and also for the reasons assigned by this court at no. 216, January sessions 1957, defendant's motion to quash the indictment should be overruled in accordance with our order dated February 18, 1957.