Commonwealth, Appellant, *v.* One 1961 Buick Special Sedan (Palangio).

Argued September 17, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Thomas J. Shannon,* Assistant Attorney General, with him *Floyd R. Warren,* Special Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellant.

*Myron W. Lamproplos,* and *Cassidy & Lamproplos,* for appellee, submitted a brief.

OPINION BY ERVIN, J., November 12, 1964:

This is an appeal by the Pennsylvania Liquor Control Board from an order of the court below denying the board's petition for the forfeiture of a 1961 Buick Special 4-door sedan.

The owner of the automobile testified as follows: "A fellow approached me in front of the Penn Albert Hotel and asked me if I wanted to make $25.00. I said yes. He said, 'Lend me your car. I'll put 25 gallons of moonshine in and you deliver it to Eat and Park and you'll get $25.00.' He took the car and he come back with it, and he said the car was ready to go. I took it to Eat and Park and about two minutes later this Trooper pulled up."

It was stipulated that the owner had been gainfully employed for the past nine years and had no previous criminal record.

The only question involved in this appeal is whether the court below abused its discretion in refusing to forfeit the automobile. We have recently reviewed this question in the case of *Com. v. One 1959 Chevrolet Impala Coupe (Thomas)*, 201 Pa. Superior Ct. 145, 191 A. 2d 717.

Judicial discretion is governed by legal principles applicable to the situation. If in reaching a conclusion the law is departed from or misapplied or the judgment exercised is manifestly unreasonable as shown by the evidence or the record, discretion is then abused and it is the duty of the appellate court to correct the error: *Commonwealth ex rel. Truscott v. Yiddisher Kultur Farband*, 382 Pa. 553, 565, 116 A. 2d 555.

Judicial discretion requires action in conformity with law upon the facts and circumstances before the court after hearing and due consideration: *Grand Jury Investigation of Western State Penitentiary*, 173 Pa. Superior Ct. 197, 201, 96 A. 2d 189. See also: *Dauphin County Grand Jury Investigation Proceedings (No. 3)*, 332 Pa. 358, 364, 365, 2 A. 2d 809; *Philadelphia County Grand Jury Investigation Case*, 347 Pa. 316, 326, 32 A. 2d 199, 204.

The court below in the present case refused to forfeit the car because the defendant had paid a fine of $250.00 on his plea of guilty to the criminal charge and for the further reason that the defendant "has never been in trouble before."

In the *Thomas* case, we said, at pages 149, 150: "We believe that the equities in the present case justify the action which was taken by the court below. The record indicates that the owner, James Thomas, had no prior record. It also indicates that he was not transporting the moonshine for the purpose of resale.

The court below had a right to believe Thomas' story that he intended to use the half gallon of moonshine which he was transporting to his home, together with the two and one-half gallons which were found in his home, for his own purposes. The record also indicated that Thomas had been steadily employed for 17 years at the Keystone Box Company, where he was a lathe operator.

"It seemed to the court below that to make this man pay the sum of $500.00 in fines, together with the costs of the proceeding and the storage cost for the automobile, was sufficient punishment under all the circumstances. To forfeit a 1959 Chevrolet Impala coupe in addition to the above seemed to the court below to be entirely out of proportion to the crime involved. We cannot say that the court below abused its discretion in so acting."

In the present case the owner knowingly transported 25 gallons of moonshine liquor for the sum of $25.00. In our opinion this act was as culpable as the act of manufacturing the moonshine liquor and the failure of the court below to forfeit the car constituted an abuse of discretion. Failure to forfeit the car in the present case would defeat the salutary effect intended by the forfeiture provisions of the act.

Order reversed and it is hereby ordered that the 1961 Buick Special 4-door sedan bearing Manufacturer's Serial No. 111524247 be and the same is hereby forfeited and condemned and it is ordered that the vehicle shall be delivered to the Pennsylvania Liquor Control Board for its use or sale or disposition by the board in its discretion, in accordance with the Act of 1951, April 12, P. L. 90, art. VI, §603(c), as amended, 47 PS §6-603(c).

WATKINS and FLOOD, JJ., would affirm on the opinion of the court below.