Commonwealth, Appellant, *v.* One 1965 Chevrolet
4-Door Station Wagon (Weidman).

Argued November 11, 1968.   Before WRIGHT, P. J.,
WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING,
and HANNUM, JJ.

*John W. Pollins, III,* Special Assistant Attorney General, with him *Thomas J. Shannon,* Assistant Attorney General, and *William C. Sennett,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WRIGHT, P. J., December 12, 1968:

This is an appeal by the Pennsylvania Liquor Control Board from an order of the Court of Quarter Sessions of Allegheny County refusing the Board's petition for forfeiture of a 1965 Chevrolet station wagon, serial number 1563557100307, and directing that the Board return the vehicle to Herman Weidman, the registered owner, title number A16164456. Supersedeas was granted by the court below pending the outcome of this appeal. Since the order of the court below must be reversed, an opinion is required: *Maple Liquor License Case,* 207 Pa. Superior Ct. 237, 217 A. 2d 859.

The record discloses that two of the Board's enforcement officers observed Weidman delivering packages at certain premises in the City of Pittsburgh. Weidman granted the officers permission to search his vehicle. They found therein 468 bottles of untaxed liquor which had been purchased in the State of Maryland. None of these bottles bore the Board's official seal. Both the liquor and the vehicle were seized, and Weidman was fined $100.00 for transportation in violation of the Liquor Code. The court below "was of the opinion that the fine of $100 and costs was suffi-

cient punishment and that it would be entirely out of proportion to the crime involved to forfeit the automobile".

The applicable legal principles were reviewed by the writer in *Commonwealth v. One 1958 Oldsmobile Sedan*, 194 Pa. Superior Ct. 352, 168 A. 2d 776. See also *Commonwealth v. One 1962 Chrysler Hardtop Sedan*, 201 Pa. Superior Ct. 478, 193 A. 2d 636. Briefly stated, the Court of Quarter Sessions is vested with discretion under the Liquor Code to deal with each vehicle forfeiture application as the equities of the situation may indicate. However, judicial discretion requires action in conformity with law upon the facts and circumstances before the court: *Commonwealth v. One 1961 Buick Special Sedan (Palangio)*, 204 Pa. Superior Ct. 293, 204 A. 2d 288. In the case last cited Palangio had paid a fine of $250.00 on his plea of guilty to a charge of unlawful transportation. The lower court denied the Board's petition for forfeiture. In this opinion reversing the order below, Judge (later President Judge) ERVIN made the following statement here controlling: "Failure to forfeit the car in the present case would defeat the salutary effect intended by the forfeiture provisions of the act".

Order reversed, and forfeiture decreed.