# 678

## Commonwealth v. Corozzo

*Frederic M. Wentz*, for Commonwealth.
*Lawrence E. Wood*, for defendant.

RILEY, J., February 24, 1969.—Upon stipulated evidence we find that Joseph Corozzo on October 26, 1968, purchased from a liquor store in Delaware a total of one case of Seagram's 7 Whiskey and three 4/5 quarts of Inver House Scotch and transported the same across the Delaware-Pennsylvania line, none of the bottles bearing the official seal of the Pennsylvania Liquor Control Board. The purchase was for personal use and not for resale or distribution in Pennsylvania. The Commonwealth seeks forfeiture of the new 1968 Chevrolet automobile owned by Corozzo in which the liquor was transported. Corozzo has been arrested and is being prosecuted for illegal transportation of liquor and possession of liquor not bearing the official seals of the board.

It is our considered opinion that the seizure of the automobile would constitute a severe and unconscionable penalty under the circumstances. There is no indication, and the Commonwealth agrees, that there is no

record or any indication that Corozzo had previously transported liquor into the State or was in any manner engaged in the practice of illicit transportation of liquor. He is, of course, subject to the fines available for imposition as a result of his violation of the law which, in this case, we deem a completely adequate penalty without adding the loss of his car.

The General Motors Acceptance Corporation moved to intervene by oral motion at the hearing which was allowed, it being agreed that that company holds a lien of $2,600 upon the automobile in question.

The case before us is similar in most respects to that of Commonwealth v. 1968 Volkswagen, 47 D. & C. 2d 65, decided today by this court. The only variances between the two cases being the difference of quantity of liquor; here, one case or 3 gallons as compared to 4.96 gallons, and the existence of a finance arrangement on this car. In the latter respect we do not know why nor will we attempt to explain why the legislature provided for retention of lien in forfeitures of appliances and equipment and not on mechanics of transportation. Suffice to say the court's discretion has been exercised to protect innocent lienholders in this field: Commonwealth v. One 1957 Chevrolet Sedan, 191 Pa. Superior Ct. 179.

However, apart from the existence of the lienholder, and there is no evidence whatever that General Motors Acceptance Corporation knew of the use of the car for liquor purposes, we repeat here what we have said in the Volkswagen decision.

In exercise of the discretion we have, we are of the opinion that the circumstances of this case are not of the gravity or comparable to Commonwealth v. One 1965 Chevrolet 4 Door Station Wagon, 213 Pa. Superior Ct. 418, or Commonwealth v. One 1961 Buick Special Sedan, 204 Pa. Superior Ct. 293. As pointed out in Commonwealth v. One 1957 Chevrolet Sedan,

191 Pa. Superior Ct. 179, the legislature removed mandatory forfeiture by the 1956 Amendment to the Liquor Code of April 12, 1951, P. L. 90, 47 PS §6-601, 6-602 (e) and 6-603, by inserting "the *court* may in its *discretion*, adjudge same forfeited and condemned as hereinafter provided." (Italics supplied.) If discretion lies in the court by legislative mandate, upon what base does the discretion rest. We must, in conscience, take cognizance of the fact that many persons do purchase liquor in other States, some in large quantities suggestive of commercial or distributive intents, and others on a small scale for personal use, and in the character of an isolated incident. There must be a consideration of the depth and character of the offense to the penalty suffered as a result. To forfeit a new Buick or Cadillac for an incidental purchase is in no wise comparable to forfeiting a fourth-hand Ford for a transportation of 6 or 10 cases of liquor. Unless such criterion is employed as a consideration, the end result tends to make the relatively more innocent suffer the far greater penalty. The knowledgeable professional would hardly employ a valuable vehicle in his enterprise whereas the casual violator would more likely do so, as here. It seems obvious to us, to cite extremes, a forfeiture of a car, regardless of value, of one who purchases one bottle as he passes through Washington is in no way comparable to the forfeiture of a truck transporting 50 cases from Baltimore to Philadelphia. The quantity of liquor transported, the surrounding circumstances of the purchase, prior records, value of the property to be forfeited, are all factors that must be considered and blended into the exercise of discretion to avoid extremity of hardship. As with all cases where discretionary judgment is to be exercised, opinions will certainly differ as to where a demarcation should be drawn and no yardstick measurements are available. We assume were such so the legislature

would have designated the critical measurements. Instead, they vested the discretion to be applied to the courts in each case. See Commonwealth v. One 1956 Oldsmobile Sedan 202 Pa. Superior Ct. 571. In Commonwealth v. One 1965 Chevrolet 4 Door Station Wagon case, 213 Pa. Superior Ct. 418, the owner transported and apparently delivered to others, or was in the process of delivering, 468 bottles of untaxed liquor. In Commonwealth v. One 1961 Buick Special Sedan case, 204 Pa. Superior Ct. 293, the owner was paid a fee to transport illegally 25 gallons of moonshine for delivery to a commercial establishment in Pennsylvania. We question not the proprieties of such forfeitures. We do question the propriety of a forfeiture of a new family car for transportation of the liquor here involved, both in quantity and diversity obviously intended for personal use.

We do, therefore, this February 24, 1969, refuse the petition for forfeiture of the 1968 Chevrolet owned by Joseph Corozzo and do order the same to be returned to him forthwith.