467 P.2d 784

STATE of Arizona, Appellant,

v.

Waldon V. BURR, Sheriff of Pima County, Arizona, Appellee.

No. 2 CA–CIV 718.

Court of Appeals of Arizona, Division 2.

April 9, 1970.

Rehearing Denied May 12, 1970.

Review Denied June 16, 1970.

Gary K. Nelson, Atty. Gen., Phoenix, William J. Schafer, III, former Pima County Atty., Lars Pedersen, former Chief Criminal Deputy, Rose S. Silver, Pima

County Atty., and David G. Dingeldine, Deputy County Atty., Tucson, for appellant.

Bilby, Thompson, Shoenhair & Warnock, by Michael A. Lacagnina and H. Earl Rogge, Jr., Tucson, for appellee.

CAMERON, Judge.

This is an appeal by the State of Arizona from an order of the trial court granting defendant's motion to quash an accusation returned by a Pima County Grand Jury pursuant to A.R.S. § 38-341 et seq.

We are called upon to determine whether the proceedings in the trial court were of a criminal nature, it being clear that if the defendant was prosecuted in a criminal action, it was a misdemeanor (A.R.S. § 13-103, subsec. A and § 13-104) and that the time for filing had long since expired (A.R.S. § 13-106, subsec. B).

The facts necessary for a determination of this matter are as follows. On 20 December 1968, a Pima County Grand Jury returned an "accusation" charging the defendant, Waldon V. Burr, the duly elected, qualified and acting Sheriff of Pima County, with willful or corrupt misconduct in public office. The accusation alleged 16 separate acts or counts of misconduct in office occurring November 1958 through December 1964. After preliminary matters, defendant filed an objection to the accusations and a motion to quash. The motion was opposed by the State and a hearing held thereon.

The trial court, in a memorandum opinion filed in this case, discussed the issues raised and granted the motion of the defendant. The State appealed to this Court setting forth various reasons why the decision of the trial court should be overruled. Because we are able to determine this matter on one question only, that is, whether or not the proceedings were criminal, we do not feel it necessary to consider the other matters raised by the appellant on appeal.

The Arizona Constitution and statutes provide several methods of removing a duly elected public official from office. Article 8, pt. 2, § 2 of the Constitution, A.R.S. and § 38-311 A.R.S. provide that public officials "shall be liable to impeachment for high crimes, misdemeanors or malfeasance in office."

§ 38-444 states:

"A public officer who knowingly asks or receives any emolument, gratuity or reward, or any promise thereof, excepting those authorized by law, for doing any official act, is guilty of a misdemeanor."

And § 38-466 provides:

"A public officer, who for a gratuity or reward, appoints another person to a public office, or permits another person to exercise or discharge any duties of his office, shall be punished by a fine not exceeding five thousand dollars, and, in addition, shall forfeit his office and is forever disqualified from holding any office in this state."

These are clearly criminal statutes. Appellant contends, however, that the action was brought under the following statute alone which appellant contends is civil in nature:

"A. An accusation, in writing, against a county, district or precinct officer for wilful or corrupt misconduct in office may be presented by a grand jury of the county for or in which the officer accused is elected or appointed.

"B. The accusation shall state the offense charged in ordinary and concise language, and without repetition." A. R.S. § 38-341.

§ 38-342 A.R.S. provides for service on the accused and appearance and plea, and § 38-343 provides:

"A. If the accused pleads *guilty* or refuses to answer the accusation, the court shall render judgment of *conviction* against him. If the accused denies the matters charged, the court shall immediately, or at such time as it appoints, try the accusation.

"B. The trial shall be by jury, unless expressly waived by the accused, and

conducted in the same manner as the trial of an indictment or information.

"C. Upon *conviction,* the court shall pronounce judgment that the accused be removed from office." (emphasis ours)

It should be noted that this section contemplates removal from office only and does not provide for future disqualification from public office as does A.R.S. § 38–466, op. cit.

The Rules of Criminal Procedure also contain reference to the procedure to be followed in A.R.S. § 38–343, op. cit.:

"A. Every felony and every misdemeanor of which the superior court has original jurisdiction shall be prosecuted by indictment or information, and every misdemeanor may be prosecuted by indictment or information.

"B. Subsection A of this Rule shall not apply when the proceedings are had for the removal of civil officers of any district, county, town or municipal officers, or where offenses arise in the militia when in actual service, or when offenses are tried in justice's, recorder's or police courts." Rule 78, Rules of Criminal Procedure, 17 A.R.S.

From reading the statutes, it is apparent that the procedure in this action follows criminal rather than civil procedure. The action is started by a grand jury which normally does not institute civil actions. In re Grand Jury Investigation of Conditions, 173 Pa.Super. 197, 96 A.2d 189 (1953) and:

"The function of a grand jury is to investigate criminal offense, not the conduct of individuals." Wales v. Tax Commission, 100 Ariz. 181, 183, 412 P. 2d 472 (1966).

The resulting trial is conducted in the same manner as the trial of a criminal matter. The defendant must be "convicted" by the jury and "upon conviction" the accused shall be removed from office. Black's Law Dictionary 403 (4th ed. 1951) defines "conviction" as follows:

"Conviction. In a general sense, the result of a criminal trial which ends in a judgment or sentence that the prisoner is guilty as charged."

But it is the punishment imposed that leads to the inescapable conclusion that the defendant, Waldon V. Burr, was accused of a crime rather than a civil wrong. There is admittedly law to the contrary. In State v. Scarth, 151 Okl. 178, 3 P.2d 446 (1931), it was held that this type of proceeding was neither criminal nor civil but a "special proceeding". In State ex rel. Mitchell v. Medler, 17 N.M. 644, 131 P. 976 (1913), the court distinguished the matter on the basis of the penalty imposed. The New Mexico court reasoned that if a monetary fine is imposed it is a criminal matter and if there is no fine then it is civil in nature. Appellant urges us to accept either of these propositions and they are not without merit. Even though the statutory definition of crime in Oklahoma and New Mexico is similar, we feel, however, that our statutory definition of a crime is controlling in this case:

"A crime or public offense is an act committed or omitted in violation of a law forbidding or commanding it, and to which is annexed, upon *conviction,* the punishment of death, imprisonment, fine, *removal from office* or disqualification to hold and enjoy any office of honor, trust or profit in this state." A.R.S. § 13–101. (emphasis ours)

The sole purpose of A.R.S. § 38–341 et seq., is a court proceeding which, upon "conviction", results in the removal from office of the defendant and since this is the end result of such court proceeding, the proceedings are criminal in nature and not civil. We agree with the reasoning of the California court in considering similar statutes:

"* * * Removal from office under the summary proceeding provided for by section 772, supra, is a punishment for wrongdoing by the class of officers designated in chapter 2 of title 2 of part 2 of such Code. There are two methods

of prosecution for willful or corrupt misconduct in office provided by chapter 2. One is by an accusation in writing, presented by the grand jury, stating the offense charged in ordinary and concise language, under which the accused is entitled to and must be tried by a jury, and upon a conviction the judgment is that the defendant be removed from office. Pen.Code, §§ 758–770. The other method is the summary method provided by section 772 of the same chapter, supra. In all its essentials of cause and effect, the latter is a criminal proceeding, equally with the former. The proceeding is a nondescript, but resembling somewhat a qui tam action. But whatever its garb, it is in body and spirit, in its aim and object, a process for the punishment of crime. * * *." Thurston v. Clark, 107 Cal. 285, 289, 40 P. 435, 436 (1895). See also People v. Hale, 232 Cal.App.2d 112, 42 Cal.Rptr. 533 (1965).

The judgment of the trial court is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.

NOTE: This cause was decided by the Judges of Division One, Department A, as authorized by A.R.S. § 12–120, subsec. E.