Commonwealth of Pennsylvania *v.* One 1973 Chevrolet Pickup/Camper Truck—Pennsylvania Registration No. CH90431, Mfg. Serial No. CCX-143B102367 in Possession of Daniel McClairen, Registered Owner.

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued April 4, 1975, before Judges KRAMER, WILK-INSON, JR., and BLATT, sitting as a panel of three.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Israel Packel,* Attorney General, for appellant.

*James A. Cochrane,* for appellee.

OPINION BY JUDGE BLATT, July 16, 1975:

This is an appeal taken by the Liquor Control Board (Board) from a decision of the Court of Common Pleas of Delaware County ordering that a 1973 Chevrolet Pickup/Camper Truck be returned to its registered owner, Daniel McClairen.

Reese J. Brown, Jr., a Board enforcement officer, testified at a hearing before the lower court that on March 10, 1974 he purchased a bottle of liquor from McClairen who was at the time seated behind the wheel of his vehicle parked in a gas station in Chester. Brown subsequently made a similar purchase from McClairen on June 9 who was then in the same vehicle at the same location. On June 16 Brown again observed McClairen at the same gas station and, after obtaining warrants, he placed McClairen under arrest and undertook a search of the vehicle. In it were found one gallon of liquor, 2.2 gallons of wine and 3.7 gallons of beer, all of which had been admittedly purchased by McClairen in Delaware and unlawfully transported by him into Pennsylvania. The vehicle and the alcoholic beverages contained therein were consequently seized by the Board agent.

On July 15, 1974 the Board filed a petition with the lower court asking forfeiture of the seized vehicle pursuant to Section 602 of the Liquor Code, Act of April 12, 1951, P. L. 90, 47 P. S. §6-602. The petition alleged that McClairen had used the vehicle in violation of the Liquor Code and it requested, therefore, that the vehicle be forfeited to the Commonwealth "unless cause be shown to the contrary." At a hearing on September 13 the lower court heard Brown's testimony and took other evidence, including a report that McClairen had previously pleaded guilty to a similar Liquor Code violation in 1971. It then ordered the vehicle returned to McClairen, and the Board now appeals to this Court.

Section 602 of the Liquor Code, 47 P. S. §6-602, describes the procedural requirements to be observed in

forfeiture proceedings and also provides as to the lower court's authority to order forfeiture of a vehicle that: ". . . if it appears that said vehicle, boat, vessel, container, animal or aircraft was unlawfully possessed or used, the court may, in its discretion, adjudge same forfeited and condemned as hereinafter provided." It is apparent, therefore, that the legislature intended to vest some discretionary power in the lower court to dispose of vehicles other than by mandatory forfeiture, even though the evidence might establish unlawful use. *Commonwealth v. One 1959 Chevrolet Impala Coupe*, 201 Pa. Superior Ct. 145, 191 A. 2d 717 (1963). Judicial discretion, however, requires action in conformity with the law upon the facts and circumstances before the court after hearing and due consideration. *Commonwealth v. One 1961 Buick Special Sedan*, 204 Pa. Superior Ct. 293, 204 A. 2d 288 (1964).

The lower court essentially gave two reasons for its decision not to order forfeiture. First, it found that forfeiture would preclude McClairen from earning a living by depriving him of his only transportation to and from his place of employment in Claymont, Delaware. The record, however, does not support such a conclusion. Although McClairen's counsel asserted that the vehicle in question was "his only means of making a livelihood," there is nevertheless simply no evidence in the record to negate the possibility that McClairen may have had access to another vehicle or that some other form of transportation might be available to him.

The second reason given by the lower court was that McClairen was in poor physical health because of having sustained a heart attack. We fail to see how that can be a relevant factor, at least not without some showing that McClairen's health would be affected in any way by the forfeiture.

In *Commonwealth v. One 1965 Chevrolet 4-Door Station Wagon*, 213 Pa. Superior Ct. 418, 249 A. 2d 837

(1968) and *Buick Special 4-Door Sedan, supra,* the lower court had denied the Board's petition for forfeiture of a vehicle used for similar violations of the Liquor Code. In both cases the Superior Court reversed, holding in each instance: "Failure to forfeit the car in the present case would defeat the salutary effect intended by the forfeiture provisions of the act." *One 1965 Chevrolet, supra* at 420, 249 A. 2d at 838; *One 1961 Buick, supra* at 296, 204 A.2d at 289. The same rationale applies here.

In three cases where the lower court's denial of the Board's petition was sustained, the party with an interest in the vehicle and seeking to prevent the forfeiture, was not the party who committed the Liquor Code violation. *See Commonwealth v. One 1962 Chrysler Hardtop Sedan,* 201 Pa. Superior Ct. 478, 193 A. 2d 636 (1963); *Commonwealth v. One 1958 Oldsmobile Sedan,* 194 Pa. Superior Ct. 352, 168 A. 2d 776 (1961) ; *Commonwealth v. One 1957 Chevrolet Sedan,* 191 Pa. Superior Ct. 179, 155 A. 2d 438 (1959). In a fourth case where the denial of a forfeiture petition was sustained, the Superior Court emphasized that the owner of the vehicle had no prior record and that he was not transporting the alcoholic beverages for the purpose of resale. *Commonwealth v. One 1959 Chevrolet Impala Coupe, supra.* No such miti-gating circumstances run in favor of McClairen here. We believe, therefore, that the lower court abused its discretion in denying forfeiture.

The order of the lower court is, therefore, reversed and it is hereby ordered that the 1973 Chevrolet Pickup/ Camper Truck bearing Pennsylvania Registration No. CH90431 and Manufacturing Serial No. CCX143B102367 be forfeited to the Commonwealth for disposition by the Board in accordance with Section 603 of the Liquor Code, 47 P.S. §6-603.