Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* One 1972 Ford Pickup Truck, Mfg. Serial No. F25YCP22520 in Possession of Carl Kobza, Appellee.

Submitted on briefs, February 8, 1980, to Judges WILKINSON, JR., MENCER and CRAIG, sitting as a panel of three.

*David Shotel*, Assistant Attorney General, with him *Kenneth W. Makowski*, Acting Chief Counsel and *Edward Biester, Jr.*, Attorney General, for appellant.

*Leonard G. Schumack*, for appellee.

OPINION BY JUDGE WILKINSON, JR., March 5, 1980:

The Pennsylvania Liquor Control Board (Board) appeals from a decision of the common pleas court denying its petition for an order to forfeit one pick-up truck belonging to Carl Kobza (owner). We affirm.

The owner was Commander of an American Legion Post which held a club license from Board. He was also the club steward. Using his own pick-up truck he took a cooler of beer to the ball park owned by the licensee to give a clean-up detail a beer after they did free work cleaning the field. Three Board officers asked if they could purchase a beer and owner sold them each a can for forty cents, which money went to the American Legion Post, the licensee.

The trial court found as a fact that it was the beer of the American Legion Post that was sold on the premises of the American Legion Post but the ball park was not part of the premises on which beer could be sold. The trial court found further that owner was unaware that the sales were illegal or that legal sales could only be made from certain identified parts of the licensee's property. Finally, owner had never been arrested for any prior violation nor had the American Legion Post.

The Board concedes that whether the petition for a forfeiture order should be granted is a matter of discretion of the common pleas court under the provisions of Section 602 of the Liquor Code, Act of April 12, 1951, P.L. 90, 47 P.S. §6-602. Therefore we could reverse only if we found an abuse of discretion.

Judge BLATT ably reviewed the law applicable to this situation in *Commonwealth v. One 1973 Chevrolet Pickup/Camper Truck*, 20 Pa. Commonwealth Ct. 300, 342 A.2d 153 (1975) making it unnecessary to repeat here.

We have read the record in this case and conclude that the trial judge was more than justified in deciding not to grant the petition to forfeit. An owner of a truck who, as here, did not know he was violating the law is the same as any owner who did not know his truck was being used to violate the law. Obviously this is not the familiar case of beer or liquor purchased outside the Commonwealth and illegally resold within the Commonwealth. Nor is this a case where the owner of the truck is illegally selling his own beer for his own profit. Finally, while ignorance of the law is no defense to a criminal prosecution, in some cases, as here, it does create a situation where the trial court may properly refuse to grant the petition to forfeit. This would be especially true when the record clearly supports the finding of no prior violations and the good motives of the owner.

Accordingly, we will enter the following

ORDER

AND NOW, March 5, 1980, the order of the Court of Common Pleas of Schuylkill County, entered April 17, 1978 to No. 8 Misc., September Term, 1977 refusing the petition to order forfeiture and directing the petitioner to return the vehicle to Carl Kobza is affirmed.

President Judge BOWMAN did not participate in the decision in this case.