In Re: Commonwealth of Pennsylvania *v.* One 1976 Chevrolet Sedan (Wilbur Sample). Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued March 2, 1983, before Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Felix Thau*, with him *Gary F. DiVito*, Assistant Counsel, and *J. Leonard Langan*, Chief Counsel, for appellant.

*Bryan Campbell*, for appellee.

OPINION BY JUDGE DOYLE, June 27, 1983:

This is an appeal by the Pennsylvania Liquor Control Board (Board) from an order of the Court of Common Pleas of Allegheny County which dismissed the Board's petition for forfeiture of a 1976 Chevrolet Caprice Classic Sedan and directed the return of the vehicle to the registered owner, Wilbur Sample.

On Sunday, March 22, 1981, a Board enforcement officer observed Wilbur Sample drive the automobile in question into the 600 block of Herron Avenue in Pittsburgh and park. The officer then approached Mr. Sample and purchased, for $3.25, a 200 milliliter bottle (approximately one-half pint) of Jaquin's Vodka. As Sample was not licensed to sell alcoholic beverages, he was arrested and the vehicle and its contents seized. Inventory of the vehicle disclosed a total of forty-seven 200 milliliter bottles and one 750 milliliter bottle (a "fifth") of liquor. The Board petitioned for forfeiture of the vehicle in the Allegheny County Court of Common Pleas and the court issued the order appealed here.

Section 601 of the Liquor Code[1] provides in pertinent part:

> No property rights shall exist in any liquor, alcohol or malt or brewed beverage illegally manufactured or possessed, or in any still, equipment, material, utensil, vehicle, boat, vessel, animals or aircraft used in the illegal manufacture or illegal transportation of liquor, alcohol or malt or brewed beverages, and the same shall be deemed contraband and proceedings for its forfeiture to the Commonwealth may, at the discretion of the board, be instituted in the manner hereinafter provided.

47 P.S. §6-601.

Whether a petition for forfeiture should be granted is a matter of discretion with the court of common pleas. Section 602 of the Liquor Code, 47 P.S. §6-602; *Commonwealth v. One 1973 Chevrolet Pickup/Camper Truck (McClairen)*, 20 Pa. Commonwealth Ct. 300, 342 A.2d 153 (1975). We will reverse the court of common pleas only if we find an abuse of discretion. *Pennsylvania Liquor Control Board v. One 1972 Ford Pickup Truck*, 49 Pa. Commonwealth Ct. 600, 411 A.2d 892 (1980). Before the court has any discretion to exercise, however, there must be an illegal transportation.

Section 491 of the Liquor Code provides, in pertinent part:

> It shall be unlawful—
>
> ....
>
> (2) Possession or Transportation of Liquor or Alcohol. For any person, except a manufacturer or the board or the holder of a sacramental wine license or of an importer's license, to possess or transport any liquor or alcohol within

---

[1] Act of April 12, 1951, P.L. 90, *as amended.*

this Commonwealth which was not lawfully acquired prior to January first, one thousand nine hundred and thirty-four, or has not been purchased from a Pennsylvania Liquor Store or a licensed limited winery in Pennsylvania....

47 P.S. §4-491(2). It is undisputed that the liquor found in Sample's vehicle and that sold to the enforcement officer was Pennsylvania liquor, purchased from a Pennsylvania Liquor Store. Consequently, it was not per se unlawful for Sample to have the liquor in his possession nor to transport it in his automobile. The sale to the Board's enforcement officer, however, was indisputably unlawful under Section 491(1) of the Code, 47 P.S. §4-491(1).[2] We believe that use of a vehicle to transport Pennsylvania liquor for the purpose of unlawful sale, while not a violation of Section 491(2) constitutes an "illegal transportation" subject to the forfeiture provisions of Section 601. At issue here, then, is whether the court of common pleas erred as a matter of law in finding that the Board had failed to show that the vehicle was used to transport liquor for illegal sale.

The record in the case before us discloses, in testimony by the Board's enforcement officer, that Sample operated his vehicle as a "jitney."[3] The record

---

[2] Section 491(1) provides, in pertinent part:

It shall be unlawful —

Sales of liquor

(1)  For any person, by himself or by an employe or agent, to expose or keep for sale, or directly or indirectly, or upon any pretense or upon any device, to sell or offer to sell any liquor within this Commonwealth, except in accordance with the provisions of this act and the regulations of the board.

[3] Webster defines a "jitney" as "a small bus designed to carry paying passengers over a regular route according to a flexible schedule." Webster's Third New International Dictionary 1217 (1966).

further contains testimony concerning only one unlawful sale of the liquor found in the trunk of the vehicle.[4] The enforcement officer also testified that he initiated that sale by approaching Sample and asking him if he had any liquor. The burden of proof rests with the Board to show that the purpose of transporting the otherwise lawful liquor was to make unlawful sales. We cannot say, therefore, that the court of common pleas erred in refusing to infer, from the single sale initiated by the enforcement officer, that the purpose of transporting the liquor was to effect illegal sales.

Accordingly, we affirm.

### ORDER

Now, June 27, 1983, the order of the Court of Common Pleas of Allegheny County in the above referenced matter, dated March 15, 1982, is hereby affirmed.

---

[4] The Board attempted to introduce testimony regarding other sales from the vehicle on other dates. The court refused to permit the testimony on due process grounds because the petition for forfeiture alleged only the sale on March 22. The Board alleges no error in this evidentiary ruling by the court of common pleas.