594 A.2d 806

**Johnny Lee BROWN, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 5, 1991.

Decided June 26, 1991.

580

Allen H. Smith, York, for appellant.

Christy H. Fawcett, Hanover, for appellee.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Johnny Lee Brown (Appellant) appeals the Court of Common Pleas of York County's (trial court's) June 13, 1990 order granting the Commonwealth of Pennsylvania, Office of the District Attorney of York County's (Commonwealth's) petition for forfeiture of property under Section 602 of the Liquor Code (Code).[1] We affirm with one modification.

The facts as found by the trial court are as follows. On March 24, 1988, Detective John Daryman of the York City Police Department raided premises located at 248 E. College Avenue, York, Pennsylvania. Detective Daryman testified that he observed Appellant and several others consuming alcoholic beverages at the time of the raid. Additionally, there was a woman at the door selling blue admission tickets. Detective Daryman concluded that Appellant was using three floors of the building for the unlawful sale and consumption of alcoholic beverages.

The police seized Appellant's blue admission ticket and $212.00 in cash, both found in his trouser pockets. With the exception of a sewing machine, Detective Daryman testified that all of the seized evidence was being used for the sale and consumption of alcoholic beverages.[2] There is circumstantial evidence to support his belief.

Firstly, there was a bar on each floor of the premises. Secondly, tables and chairs similar to those found in a restaurant were dispersed for the comfort of the patrons. There were beer signs on the walls and jukeboxes to accommodate the customers. There were alcoholic beverages in the refrigerator and in coolers behind the bar.

Further, when the detectives entered the second floor, they found patrons hiding in the restroom, who had fled

1. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 6–602.

2. The seized evidence included alcoholic beverages, furniture, two television sets, pictures from the wall, appliances and bar equipment.

from that floor's bar area. Lastly, there were no beds or clothing found on the premises, which might have indicated that someone lived therein.

The police arrested Appellant and charged him with violating Sections 491(1) and 492(2) of the Code, 47 P.S. §§ 4–491(1) and 4–492(2). Section 491(1) makes it unlawful for any person to sell liquor without complying with the Code or pertinent regulations. Section 492(2) prohibits the sale of malt or brewed beverages for consumption on the premises without a valid retail dispenser or liquor license.

On June 1, 1989, the trial court sentenced Appellant. The consecutive sentences consisted of fines of $500.00 per count, six months of probation and costs. In arriving at its sentences, the trial court considered Appellant's prior record of involvement with the unlawful sale of alcoholic beverages.

The trial court held a hearing with regard to the Commonwealth's petition for forfeiture of property on August 31, 1989. At that hearing, only the Commonwealth presented testimony; Appellant demurred. In a June 13, 1990 order, the trial court granted the petition.

There are two issues before us. The first is whether the trial court erred in finding that the Commonwealth established by a preponderance of the evidence that Appellant was unlawfully using the property at issue.[3] *Commonwealth v. McDermond*, 127 Pa.Commonwealth Ct. 17,560 A.2d 901 (1989). The second is whether the trial court abused its discretion in imposing forfeiture on the money, furniture and appliances.

We note that the trial court has discretion to grant or deny a petition for forfeiture. *In re Commonwealth v.*

---

**3.** Since the Appellant demurred here, we need only consider whether the Commonwealth met its burden under Section 602(e) of the Code, 47 P.S. § 6–602(e). That section reads as follows:

(e) At the time of said hearing, if the Commonwealth shall produce evidence that the property in question was unlawfully possessed or used, the burden shall be upon the claimant to show (1) that he is the owner of said property, (2) that he lawfully acquired the same, and (3) that it was not unlawfully used or possessed.

*One 1976 Chevrolet Sedan,* 75 Pa.Commonwealth Ct. 231, 461 A.2d 656 (1983). Absent an abuse of that discretion, we will not reverse the trial court. *Id.*

For numerous reasons, Appellant argues that the trial court abused its discretion in finding that the Commonwealth followed the correct forfeiture procedures.[4] Those reasons are as follows:

1. The Commonwealth erroneously cited Section 603(a) of the Code, 47 P.S. § 6–603(a), in its petition for destruction of property;

2. The Commonwealth incorrectly listed Appellant as the defendant in the caption instead of the property;

3. The petition was not verified by oath or affirmation;

4. The petition did not include the name of the owner or the time and place of the seizure;

5. The petition did not include a specifically worded notice to plead;

6. The Commonwealth erroneously asked that all items be submitted to the Office of District Attorney for disposal;

7. The Commonwealth failed to allege that Appellant manufactured or illegally possessed any alcoholic beverages;

8. The Commonwealth erroneously asked for a rule returnable in seven days, instead of fifteen;

9. The city police brought this action, not the Pennsylvania State Police; and

---

4. Section 602(a) of the Code, 47 P.S. § 6–602(a), which sets forth the procedures, reads as follows:

(a) The proceedings for the forfeiture or condemnation of all property shall be in rem, in which the Commonwealth shall be the plaintiff and the property the defendant. A petition shall be filed in the court of common pleas, verified by oath or affirmation of any officer or citizen, containing the following: (1) a description of the property so seized; (2) a statement of the time and place where seized; (3) the owner, if known; (4) the person or persons in possession, if known; (5) an allegation that the same had been possessed or used or was intended for use in violation of this act; (6) and, a prayer for an order of forfeiture that the same be adjudged forfeited to the Commonwealth, unless cause be shown to the contrary.

10. The Commonwealth failed to allege the existence of the $212.00 in either the petition or exhibits attached thereto.

In its opinion, the trial court acknowledged that the Commonwealth had erroneously listed Appellant, instead of the property, as defendant in the caption of the petition. Since it found that the petition itself properly addressed the property, the trial court concluded that Appellant was not prejudiced by the incorrect caption. We agree.

In the case of *Pomerantz v. Goldstein*, 479 Pa. 175, 387 A.2d 1280 (1978), the Pennsylvania Supreme Court held that since the non-prejudicial caption error did not affect the substantial rights of the appellant, then the court would disregard the error. We find *Pomerantz* to be analogous to the situation here because Brown, the owner of the property, was specifically named and had an opportunity to appear and defend. There is no argument that the seized property was owned by another who did not appear. We therefore conclude that the error was not prejudicial.

With regard to the other potential irregularities contained in the petition, we note that it is the General Assembly's mandate that:

(a) This act shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth and to prohibit forever the open saloon, and all of the provisions of this act shall be liberally construed for the accomplishment of this purpose.

Section 104(a) of the Code, 47 P.S. § 1–104(a).

Additionally, we note that Appellant has waived at least four of the alleged defects in process. Firstly, Appellant neglected to note at the August 31, 1989 hearing or in his July 10, 1989 Answer to Petition for Destruction of Property that the Commonwealth erroneously cited Section 603(a) of the Code in its petition, instead of Section 602 of the Code.

Pa.R.C.P. No. 1032 provides that "[a] party waives all defenses and objections which he does not present either by preliminary objection, answer or reply ..." Thus, with regard to the first alleged defect in process, Appellant did not raise, and therefore waived, the issue.

Secondly, besides the general statement in his answer that "[t]he entire procedure used in the Petition for Destruction of Property violates the Act," [5] and the equally vague statement at the hearing that "the procedure used throughout the entire petition is completely opposite of the Act." [6] Appellant failed to assert specifically that the Commonwealth neglected to include a detailed notice to plead. Again, Appellant waived his right to object. *Pfeffer v. Hopewell Township*, 60 Pa.Commonwealth Ct. 399, 431 A.2d 1149 (1981).

Thirdly, Appellant did not assert that the rule returnable cited the wrong number of days. Lastly, he did not mention that it was his belief that the city police were the wrong law enforcement officers to be involved. Again, these are waivable defects under Pa.R.C.P. No. 1032. Thus, we find that Appellant waived his right to object to allegation numbers one, five, eight and nine.

With regard to number three, the Commonwealth argues that Appellant was not prejudiced by its failure to verify the petition by oath or affirmation since Detective Daryman testified under oath at the hearing. Because of Detective Daryman's testimony substantiating each paragraph of the petition and Appellant's failure to raise this defect in either his answer or in any preliminary objections, we agree that Appellant was not unduly prejudiced by the Commonwealth's failure to verify the petition.[7]

5. Paragraph 3 of Appellant's Answer to Petition for Destruction of Property.

6. N.T. at 15.

7. In the case of *General Mills, Inc. v. Snavely*, 203 Pa. Superior Ct. 162, 199 A.2d 540 (1964), the Pennsylvania Superior Court held that General Mills waived its right to object to a defective verification when it did not do so initially.

■ As for the fourth allegation, regarding the Commonwealth's failure to include the owner's name or the time and place of seizure, we similarly find that the trial court did not abuse its discretion in finding that the Commonwealth ultimately complied with the Code's requirements. Detective Daryman testified under oath that Appellant admitted ownership of the property, that the time of seizure was a little after 2:10 a.m. on March 24, 1988, and that the location of the seizure was 248 E. College Avenue, York, Pennsylvania.

■ With regard to the sixth allegation, concerning the Commonwealth's request that all items be submitted to the District Attorney for disposal, Appellant argues that under Section 603 of the Code, 47 P.S. § 6–603, all forfeited beverages must be either donated to a hospital or publicly destroyed by the sheriff. In its June 13, 1990 order, the trial court stated that "we direct that the property, set forth in the attached document, shall be delivered to the Commonwealth of Pennsylvania *through* the Office of the District Attorney of York County, except for the sewing machine." Trial court's June 13, 1990 order (emphasis added).

The trial court further requested that the District Attorney file for the court's inspection and disposition a proposed list of the property to be delivered to various sources. The trial court, not the District Attorney's Office, then was to issue a final order with regard to the ultimate disposition of the listed property. Again, the trial court did not abuse its discretion in finding that the Commonwealth's petition complied with the Code with regard to the sixth allegation.

■ As for the seventh allegation, regarding the Commonwealth's failure to allege that Appellant manufactured or illegally possessed any alcoholic beverages, we again find that the trial court did not abuse its discretion in finding that the Commonwealth complied with the Code. Section 601 of the Code, 47 P.S. § 6–601, provides for the forfeiture of property illegally possessed or *used*. In paragraph one of its petition, the Commonwealth makes it very clear that

Appellant was using alcoholic beverages in an illegal manner. That paragraph reads as follows:

On July 15, 1988 York City Police police [sic] officers arrested the above defendant. Lawfully seized as contraband or evidence of illegal activity in connection with defendant's arrest [for four counts of Liquor Code violation] were certain items of liquor, alcohol, malt, malt and brewed beverages and other property further described in the attached inventory list. This property has been held in rental storage units since the time of its seizure.

Paragraph 1 of the Commonwealth's petition for forfeiture.

 With regard to the Commonwealth's alleged failure to set forth the existence of the $212.00 in either the petition or in the exhibits attached thereto, we agree with Appellant that the cash cannot be the subject of forfeiture. Even though Detective Daryman testified as to its existence, the Commonwealth failed to sustain its burden of showing that Appellant unlawfully used or possessed the $212.00. Thus, we find that the trial court abused its discretion with regard to the tenth allegation.

Issue two is whether the trial court abused its discretion in imposing forfeiture on the money, furniture and appliances. The trial court stated that:

We are satisfied from the uncontradicted evidence presented to the Court that Brown was operating an establishment to sell liquor and malt and brewed beverages within the total premises. Therefore, the personal property, located therein, was to accommodate people, who would enter the premises and stay there to consume the alcoholic beverages purchased; that the money found in Brown's pocket was for purchase of said beverage; and that the only item not used to maintain said premises for the purpose of such operation was the sewing machine.

Trial court's opinion at 4.

Appellant argues that the trial court abused its discretion because the Commonwealth failed to establish that all of

the seized property was unlawfully used in the sale of alcoholic beverages. On that basis, he requests that we vacate the trial court's order granting the petition for forfeiture, except as to the liquor involved.

With regard to cash, our Court has permitted the forfeiture of money as the proceeds of an illegal activity. *McDermond.* In the *McDermond* case, the Philadelphia Police Department seized $9,225.00 from Mr. McDermond's trouser pockets with regard to an illegal bookmaking operation. Based on the Commonwealth's direct and circumstantial evidence, we concluded that it established by a preponderance of the evidence that the money formed an integral part of the illegal gambling activities. Thus, we found that the Commonwealth had sustained its burden under Section 602(e) of the Code, 47 P.S. § 6–602(e).

As for Mr. McDermond's burden under that same section of the Code, which consisted of showing that he owned the money, lawfully acquired it and did not unlawfully use or possess it, we concluded that he failed to sustain his burden because he declined to present any evidence at the conclusion of the Commonwealth's case. Thus, we reversed the trial court's order denying the Commonwealth's petition for forfeiture.

Like in *McDermond,* the police here seized the disputed money from Appellant's trouser pockets and Appellant demurred at the conclusion of the Commonwealth's case. Unlike *McDermond,* however, the Commonwealth here presented no direct evidence nor indicated the existence of any circumstantial evidence to support the premise that Appellant unlawfully used or possessed the money. Thus, because the Commonwealth failed to prove by a preponderance of the evidence that the money was an integral part of Appellant's illegal operation, we find that the trial court erred in permitting forfeiture of the $212.00.

■ With regard to the allegedly overbroad seizure of the furniture and appliances, Appellant argues that the items seized did not aid him in his unlawful sale of alcoholic

beverages and that only the liquor should have been subject to forfeiture. We note, however, that those items accommodated Appellant's customers and facilitated his illegal operation. For example, there is a photograph in the record of a refrigerator full of mixers and beer. There is also a photograph of tightly clustered tables with ashtrays and chairs for the patrons. Another photograph depicts a television set located on a high shelf above the bar so that patrons seated all over the room could view it while drinking. That same photograph shows numerous cartons of cigarettes and hundreds of stacked, disposable plastic cups. Thus, we do not find that the trial court abused its discretion in finding that the furniture and appliances were an integral part of Appellant's unlawful venture. *McDermond.*

For these reasons, we affirm, except as to the $212.00.

## ORDER

AND NOW, this 26th day of June, 1991, the order of the Court of Common Pleas of York County in the above-captioned matter is hereby affirmed, except as to the $212.00.